UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**HOUSTON SPECIALITY INSURANCE COMPANY,**

    **Plaintiff,**

v.                                               Case No.: 8:15-cv-2165-T-17AAS

**ENONCH VAUGHN, individually, and as Parent and Natural Guardian of M.V., a minor, and ALL FLORIDA WEATHERPROOFING & CONSTRUCTION, INC., ROBERT MEDENHALL and RICHARD FULFORD,**

    **Defendants.**

_____/

## ORDER

This matter comes before the Court on Plaintiff's Motion to Strike Robert Darroch, Esq. and Chad Bickerton, Esq. as Witnesses from the Parties' Initial Disclosures, which the Court construes as a Motion for Protective Order (Doc. 36).

### I.  BACKGROUND

This is a declaratory judgment action seeking a declaration regarding whether Defendants materially breached their insurance agreement when they terminated counsel provided by Plaintiff insurer. (Doc. 1). Through the course of discovery, Defendants have listed coverage counsel for Plaintiff, Robert Darroch, Esq. and Chad Bickerton, Esq, as possible witnesses in this case. Now, Defendants are attempting to set the deposition of Robert Darroch, Esq. In this instant Motion, Plaintiff seeks enter an Order striking Mr. Darroch and Mr. Bickerton as potential witnesses under Federal Rule of Civil Procedure 26. (Doc. 36). The Court construes this Motion as a request for a protective order. Defendants filed their Response in Opposition to Plaintiff's Motion. (Doc. 38).

Accordingly, this matter is now ripe for review.

## II.     ANALYSIS

Under Rule 26(b) of the Federal Rules of Civil Procedure, parties are permitted to "obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense . . ." While this is generally construed broadly to include all matters that bear on, or could lead to another matter that bears on, any issue in a case, there are limits concerning the scope of discovery. *Auto-Owners Ins. Co. v. Southeast Floating Docks, Inc.,* 231 F.R.D. 426, 430 (M.D. Fla. 2005). To limit the scope of discovery, the Court may enter a protective order under Rule 26(c)(1)(A) to forbid the disclosure or discovery.  That rule provides, in relevant part:

> A party or any person from whom discovery is sought may move for a protective order in the court where the action is pending … The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including ... (A) forbidding the disclosure or discovery.

"Federal courts ... have held that depositions of attorneys inherently constitute an invitation to harass the attorney and parties, and to disrupt and delay the case." *Sun Capital Partners, Inc. v. Twin City Fire Ins. Co.*, 310 F.R.D. 523, 528 (S.D. Fla. 2015) (internal citation and quotation omitted).  Consequently, a party seeking an attorney's deposition must show "that the deposition is the only practical means available of obtaining the information [,and] that the information sought 1) is relevant; 2) its need outweighs the dangers of deposing a party's attorney; and 3) the information sought will not invade the realm of the attorney's work product or interfere with the attorney-client privilege." *Id.*

With respect to the deposition of Mr. Darroch, Defendants have failed to make the threshold showing that taking his deposition is the only practical means available of obtaining the information they seek.  In support of their contention that the deposition of Mr. Darroch is

necessary, Defendants claim that, as co-counsel of record for Plaintiff in this case, Mr. Darroch has unique knowledge of facts and events relevant to Plaintiff's claims and to defenses thereto. (Doc. 38).  However, it does not appear that Defendants have yet deposed any representative of Plaintiff Houston Specialty Insurance Company to ascertain whether this is true.  Therefore, Defendants cannot meet the burden required to show that Plaintiff's counsel are required to testify when its likely another representative may be able to testify as to the same areas of inquiry.  After such time as Defendants have deposed another representative (or representatives), the Court can then determine whether a deposition of Mr. Darroch would be appropriate.

With respect to the deposition of Mr. Bickerton, Defendants represent that they have not sought to depose attorney Mr. Bickerton and do not believe his deposition is necessary at this time. (Doc. 38, pp. 1, 4).  Thus, the issue of whether a protective order is necessary as to Mr. Bickerton is premature.

### III.    CONCLUSION

For the reasons stated above, Plaintiff's Motion to Strike Robert Darroch, Esq. and Chad Bickerton, Esq. as Witnesses from the Parties' Initial Disclosures (Doc. 36), which the Court construes as a Motion for Protective Order, is **GRANTED in part and DENIED in part.**  With respect to Mr. Darroch, Plaintiff's request for a protective order is granted as the Court is not persuaded that his deposition is necessary at this time.  The granting of this Motion is without prejudice to Defendants' ability to later request the deposition of Mr. Darroch, if appropriate.  With respect to the Mr. Bickerton, Plaintiff's request for a protective order is denied without prejudice as the request is premature.

**DONE AND ADJUDGED** in Tampa, Florida on this 1st day of July, 2016.

*Amanda Arnold Sansone*
_____
AMANDA ARNOLD SANSONE
United States Magistrate Judge