UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

HOUSTON SPECIALTY INSURANCE
COMPANY,

    Plaintiff,

v.

Case No: 8:15-cv-2165-T-17AAS

ENOCH VAUGHN, individually, and as
Parent and Natural Guardian of M.V., a
minor, ALL FLORIDA
WEATHERPROOFING &
CONSTRUCTION, INC., RICHARD
FULFORD, and ROBERT
MENDENHALL,

    Defendants.

## ORDER GRANTING IN PART AND DENYING IN PART MOTION TO DISMISS

This cause came before the Court pursuant to the *Defendants' Joint Motion to Dismiss Plaintiff's Complaint and Incorporated Memorandum of Law* (Doc. No. 14) (the "**Motion to Dismiss**") filed by the Defendants, All Florida Weatherproofing & Construction, Inc. ("**All Florida**"), Richard Fulford ("**Fulford**"), and Richard Mendenhall ("**Mendenhall**") (the "**Defendants**" or "**Insureds**"), the *Plaintiff Houston Specialty Insurance Company's Response to Defendants' Joint Motion to Dismiss Plaintiff's Complaint* (Doc. No. 17) (the "**Response**") filed by the Plaintiff, Houston Specialty Insurance Co. (the "**Plaintiff**" or "**HSIC**"), and the notice of supplemental authority (Doc. No. 18) (the "**Notice**") filed by the Defendants. For the reasons set forth below, the Motion to Dismiss is **GRANTED IN PART AND DENIED IN PART**.

I.    **Introduction**

The primary issue raised in the Motion to Dismiss is whether HSIC has stated a

claim against the Defendants for breaching the cooperation clause contained in the Commercial Lines Policy (the "**Policy**") between HSIC and its Insureds effective October 11, 2012 through October 11, 2013. Under the cooperation clause, the Insureds are required to "cooperate with [HSIC] in the investigation or settlement of the claim or defense" of any suit brought against the Insureds. (Doc. No. 1-4, at 1). The cooperation clause further provides that "No insured will, except at that insured's own cost, voluntarily make a payment, assume any obligation, or incur any expense, other than for first aid, without [HSIC's] consent." (Doc. No. 1-4, at 1).

The Plaintiff alleges that the Insureds breached the cooperation clause by: (1) rejecting HSIC's defense of the Insureds in the State Court Action (defined below) filed against the Insureds by co-Defendant, Enoch Vaughn ("**Vaughn**"); (2) substituting independent counsel for the counsel HSIC hired to defend the Insureds in the State Court Action, despite HSIC's request that the Insureds permit its counsel to remain in the case as co-counsel; (3) abandoning certain affirmative defenses raised by HSIC's retained counsel in the State Court Action, and (4) failing to oppose an arbitration award entered in favor of Vaughn in the State Court Action. Taken as true, these allegations are sufficient to state a claim for breach of the cooperation clause. However, the Plaintiff has failed to make any substantive allegations implicating Mendenhall, individually or in a representative capacity, in the alleged breaches of the cooperation clause. Thus, the Motion the Dismiss must be granted as to Mendenhall, but otherwise denied.

## II. Background[1]

### A. The Parties and the Accident

On November 14, 2012, Vaughn suffered serious personal injuries while performing work for Defendant All Florida. At that time, Fulford was the President of All Florida, and Mendenhall worked for All Florida as a contract sales representative. The Plaintiff is All Florida's commercial liability insurance carrier pursuant to the Policy.

### B. The State Court Action

On January 8, 2014, Vaughn filed suit against All Florida in the Sixth Judicial Circuit in and for Pinellas County, Florida, Case No. 14-000198-CI (the "**State Court Action**"), asserting claims for negligence and loss of consortium related to the November 14, 2012 accident. The Plaintiff hired the law firm of Cole, Scott & Kissane ("**CSK**") to defend All Florida in the State Court Action, subject to a reservation of rights, and All Florida accepted the Plaintiff's defense. On February 17, 2014, All Florida filed an answer and affirmative defenses (the "**Answer**") in the State Court Action. Through the Answer, All Florida raised the affirmative defenses of (1) workers' compensation immunity, in essence arguing that Vaughn was All Florida's employee, and (2) lack of vicarious liability based on a theory that Mendenhall was an independent contractor. Thereafter, Vaughn filed a series of amended complaints, which added Fulford and Mendenhall as defendants. On April 21, 2014, All Florida served responses to requests for admissions through which it admitted that Mendenhall was an independent contractor.

### C. The Related Case and Motion to Intervene

On May 19, 2014, the Plaintiff filed a declaratory judgment action in this Court,

---

[1] The facts set forth herein are based on the allegations in the Complaint (defined below), and are stated as true for purposes of ruling on the Motion to Dismiss only.

3

Case No. 8:14-cv-1187-EAK-JSS (the "**Related Case**"). Through the Related Case, the Plaintiff sought a declaration that it has no obligation to cover or defend the Defendants in the State Court Action, or alternatively, that its coverage obligations are capped by a $100,000.00 eroding sublimit. Shortly thereafter, on June 5, 2014, the Plaintiff filed a motion to intervene in the State Court Action, seeking to submit verdict forms and special interrogatories to the jury regarding its coverage obligations, if any, under the Policy (the "**Motion to Intervene**"). The state court granted the Motion to Intervene on September 11, 2014.

### D. The Rejection of HSIC's Defense

On December 19, 2014, separate counsel for All Florida and Fulford informed the Plaintiff that they were rejecting HSIC's defense, and that they would substitute independent counsel for CSK in the State Court Action. On January 8, 2015, the Plaintiff requested that All Florida and Fulford reconsider their decision to reject the Plaintiff's defense, and advised All Florida and Fulford that it did not consent to the substitution of independent counsel for CSK. On April 8, 2015, Attorney Scott Hewitt filed a notice of appearance for All Florida and Fulford in the State Court Action. On April 9, 2015, Fulford and All Florida consented to the substitution of Hewitt for CSK. All Florida and Fulford then stipulated to submit the State Court Action to arbitration, which occurred on May 21, 2015. At the arbitration, All Florida and Fulford took the position that Vaughn was an independent contractor (as opposed to an employee of All Florida, as argued in the Answer), and that Mendenhall was an employee of All Florida (as opposed to an independent contractor, as argued in the Answer). The arbitrator agreed, finding that Vaughn was not an employee or statutory employee of All Florida, and that Mendenhall was an employee, rather than an independent contractor. Ultimately, on July 9, 2015, the

arbitrator awarded Vaughn $1,165.543.50 in damages against All Florida and Fulford. The Plaintiff filed a motion for trial de novo, however, neither All Florida nor Fulford took any action to oppose the arbitration award.

### E. The Cooperation Clause

Following the arbitrator's decision, the Plaintiff commenced this case by filing a *Complaint for Declaratory Judgment* (Doc. No. 1) (the "**Complaint**") against the Defendants on September 17, 2015. Through the Complaint, the Plaintiff alleges that All Florida and Fulford's rejection of its defense in the State Court Action constituted a material breach of the Policy's cooperation clause. The Plaintiff further alleges that All Florida and Fulford's decision to abandon their workers' compensation immunity and independent contractor defenses has prejudiced the Plaintiff in the State Court Action. The Defendants filed the Motion to Dismiss on November 24, 2015. Through the Motion to Dismiss, the Defendants argue that the Complaint should be dismissed because (1) the Plaintiff failed to plead that coverage existed under the Policy; (2) the Plaintiff failed to make any substantive allegations regarding Mendenhall's involvement in the rejection of its defense; and (3) the Plaintiff was not prejudiced by the rejection of its defense. In the alternative, the Defendants ask the Court to abstain from hearing this case pending a final resolution of the State Court Action.

### F. The Jury Verdict in the Related Case

Between November 30, 2015 and December 3, 2015, this Court conducted a jury trial in the Related Case. On December 3, 2015, the jury deliberated and returned a verdict finding that at the time of the November 14, 2012 accident: (1) Vaughn was an independent contractor; (2) Mendenhall was an employee of All Florida; (3) Vaughn was not engaged in the "construction industry;" and (4) Vaughn was not performing a

"construction project." (Related Case, Doc. No. 168). The Defendants filed the Notice on December 9, 2015, in which they contend that the jury's findings negate any argument that the Plaintiff was prejudiced by the rejection of HSIC's defense.

## III. Legal Standard

Federal Rule of Civil Procedure 12(b)(6) allows a complaint to be dismissed for failure to state a claim upon which relief can be granted. When reviewing a motion to dismiss, a court must "accept the factual allegations in the complaint as true and construe them in the light most favorable to the plaintiff." *Alvarez v. Attorney Gen. for Fla.*, 679 F.3d 1257, 1261 (11th Cir. 2012). Legal conclusions, as opposed to well-pled factual allegations, "are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

Courts apply a two-pronged approach when considering a motion to dismiss. *Am. Dental Ass'n v. Cigna Corp.*, 605 F.3d 1283, 1290 (11th Cir. 2010). First, a court must "eliminate any allegations in [a] complaint that are merely legal conclusions." *Id.* A court must then take any remaining well-pleaded factual allegations, "assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.* (internal quotations omitted). A complaint that does not "contain sufficient factual matter, accepted as true, to state a claim . . . plausible on its face" is subject to dismissal. *Id.* at 1289. Further, dismissal is warranted under Rule 12(b)(6) if, assuming the truth of the complaint's factual allegations, a dispositive legal issue precludes relief. *Neitzke v. Williams*, 490 U.S. 319, 326 (1989).

## IV. Legal Analysis

### A. The Complaint contains sufficient allegations of coverage to trigger the cooperation clause.

The Defendants' argument that the Complaint is deficient because the Plaintiff fails to allege coverage under the Policy is without merit. This argument is premised on the theory that in order to breach the cooperation clause, there must necessarily be coverage under the Policy. Applying that theory to this case, the Insureds point out that the Plaintiff has sought a declaration of no coverage or duty to defend in the Related Case. Thus, the Insureds posit that HSIC cannot rely on the Policy's cooperation clause, which presupposes coverage, to negate coverage that it has claimed does not exist in the first place. Upon review, the Plaintiff's allegations in the Complaint and Related Case do not expressly disclaim HSIC's coverage obligations under the Policy. Admittedly, HSIC has taken the position that the Insureds' losses are not covered under the Policy. However, its alternative position is that to the extent the Insureds' losses are covered, they are limited by the $100,000.00 eroding sublimit. The Federal Rules of Civil Procedure explicitly permit this method of pleading. *See* FED. R. CIV. P. 8(d) ("A party may set out 2 or more statements of a claim or defense alternatively . . . If a party makes alternative statements, the pleading is sufficient if any one of them is sufficient."). Thus, the Plaintiff's positions in the Related Case do not prevent it from relying on the cooperation clause in this action.

### B. The Complaint lacks well-pled allegations regarding Mendenhall's involvement in breaching the cooperation clause.

In the Motion to Dismiss, the Defendants observe that HSIC "never pled that Robert Mendenhall was insured under the policy, that it ever defended Mr. Mendenhall in the Tort suit, or even that Mr. Mendenhall rejected its defense." (Motion to Dismiss, at

7

10). Thus, the Defendants argue that HSIC has failed to state any cognizable claim against Mendenhall for breaching the cooperation clause. The Plaintiff responds that it has named Mendenhall as a defendant so that any determination made with respect to All Florida will be binding on Mendenhall if he is deemed to be an employee of All Florida. In support, the Plaintiff cites the case of *Allstate Ins. Co. v. Conde* for the proposition that in declaratory judgment actions, all parties with an interest in the dispute should be joined, so that the court's ruling is binding on all interested parties. 595 So.2d 1005, 1008 (Fla 5th DCA 1992).

The Fifth DCA's ruling in *Conde* was made to avoid the result reached by the Fourth DCA in *Ins. Co. of North Am. v. Whatley*, 558 So.2d 120 (Fla. 4th DCA 1990). In *Whatley*, a tree removal company, Stanley, was sued for negligence and for negligently failing to provide worker's compensation coverage, after a laborer, Whatley, was injured by a falling tree. *Id.* at 121. Stanley's insurer, North American, refused to cover Watley's injuries because it contended that Whatley was an employee and, as such, was excluded from coverage. *Id.* Stanley responded by filing a third-party complaint against North American seeking a declaration that Whatley's injuries were covered. *Id.* The trial court abated the coverage dispute pending resolution of the negligence claims. *Id.* The jury ultimately returned a verdict that Whatley was not an employee, and as a result, Whatley sought judgment on the pleadings in the coverage dispute based on the jury's determination. *Id.* On appeal, the Fifth DCA held that summary judgment was inappropriate because collateral estoppel cannot be used to bind [North American] to a prior factual determination concerning Whatley's status as an employee." *Id.* at 122. In essence, the parties were forced to re-litigate the issue of whether Whatley was Stanley's

employee because of the mutuality requirement under Florida's collateral estoppel doctrine. *Id.*

Read in this context, the *Conde* court's preference for joining all interested parties in declaratory judgment actions is understandable. Applied to the facts of this case, however, *Whatley* and *Conde* are inapposite. Here, unlike in *Conde* and *Whatley*, the issues being litigated in this case are separate and apart from the issues at play in the State Court Action and Related Case. Stated differently, unlike the issue of whether Mendenhall is an independent contractor, which was raised as an affirmative defense in the State Court Action and as a basis for granting declaratory relief in the Related Case, the issue of whether any of the Insureds breached the cooperation clause is not being litigated in either the State Court Action or Related Case. Thus, unlike in *Conde* and *Whatley*, there is no need to join all potential stakeholders to avoid having to re-litigate issues that could also arise in the State Court Action and Related Case. To the contrary, this case involves unique, affirmative claims that are not being litigated (affirmatively or as defenses) in any other court. Thus, HSIC must satisfy the federal pleading standard with respect to each of the respective Defendants. Having failed to do so with respect to Mendenhall, the Complaint must be dismissed with leave to amend.

    **C.    The Complaint states a claim for breach of the cooperation clause with respect to All Florida and Fulford.**

To establish a breach of an insured's duty to cooperate, "the insurer must demonstrate: (1) the insured failed to cooperate; (2) the failure to cooperate constituted a material breach; (3) the rights of the insurer were substantially prejudiced; and (4) the insurer exercised diligence and good faith in seeking to bring about the cooperation of the insured." *Arnett v. Mid-Continent Cas. Co.*, 2010 WL 2821981, at *11 (M.D. Fla. Jul. 16,

2010). In the Complaint, the Plaintiff alleges that the Defendants breached their duty to cooperate by (1) rejecting HSIC's defense; (2) substituting independent counsel for CSK in the State Court Action, despite HSIC's request that the Defendants allow CSK to remain co-counsel, (3) abandoning the workers' compensation immunity and independent contractor defenses raised by CSK in the State Court Action, and (4) failing to oppose the arbitration award entered in favor of Vaughn. Taken as true, these allegations are sufficient to satisfy each of the elements for breach of the cooperation clause. This is true notwithstanding the jury's verdict in the Related Case, which occurred subsequent to the filing of the Complaint and, as a result, is necessarily outside of the pleadings. Moreover, even if the jury's verdict supports the Insureds' position that HSIC has not suffered any prejudice, this is an inherently factual dispute that is better resolved in the context of a motion for summary judgment, or if necessary, at trial. Thus, the Court must deny the Motion to Dismiss.

### D. Abstention is inappropriate because this case is not "parallel" to the State Court Action.

The Declaratory Judgment Act . . . confers a discretion on courts rather than an absolute right upon the litigant[s]." *Ameritas Variable Life Ins. Co. v. Roach*, 411 F.3d 1328, 1330 (11th Cir. 2005). "It only gives the federal courts competence to make a declaration of rights; it does not impose a duty to do so." *Id.* As a result, federal courts are hesitant to allow a declaratory judgment suit to proceed "where another suit is pending in a state court presenting the same issues, not governed by federal law, between the same parties." *Id.* Importantly, however, the Eleventh Circuit's admonition against permitting declaratory judgment suits to proceed in the face of pending state court litigation applies where the state and federal actions are "parallel." *American Economy*

*Ins. Co. v. Traylor/Wolfe Architects, Inc.*, 2014 WL 3867642, at *2 (M.D. Fla. Aug. 6, 2014). In order to be "parallel," the two actions must "present the same issues between the same parties." *Id.* Where a state court lawsuit between a tortfeasor and an injured plaintiff presents issues of tort law, and a federal suit between an insurance company and its insureds deals with questions of insurance contract law, the two proceedings are not "parallel." *Id.* Here, for the reasons discussed in Section IV.B. above, the issues in this case are not "parallel" to the issues being litigated in the State Court Action. Thus, abstention is not appropriate.

**V.    Conclusion**

Accordingly, it is

**ORDERED** that the Motion to Dismiss is **GRANTED IN PART AND DENIED IN PART**. The Motion to Dismiss is **GRANTED** as to Mendenhall, and otherwise **DENIED**. Any amended complaint as to Mendenhall must be filed within 14 days.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida this 4th day of August, 2016.

ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record