UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

HOUSTON SPECIALTY
INSURANCE COMPANY,

    Plaintiff,

v.                                                      Case No.: 8:15-cv-2165-T-17AAS

ENOCH VAUGHN, individually, and as
Parent and Natural Guardian of M.V.,
a minor, ALL FLORIDA
WEATHERPROOFING &
CONSTRUCTION, INC., RICHARD
FULFORD, and ROBERT MENDENHALL,

    Defendants.
_____/

**ORDER**

    This matter comes before the Court on Defendants' All Florida Weatherproofing & Construction, Inc. ("All Florida")'s, Richard Fulfords ("Fulford")'s, and Robert Mendenhall ("Mendenhall")'s Motion to Compel Continued Deposition of Houston Specialty Insurance Company ("HSIC")'s Corporate Representative and for Extension of Discovery Deadline Solely to Take that Continued Deposition (Doc. 65), Plaintiff HSIC's Motion to Compel Testimony From All Florida Corporate Representative (Doc. 66), Plaintiff HSIC's Motion to Compel Production of Emails (Doc. 68), Defendant Mendenhall's Motion for Plaintiff to Comply with Rule 36 in Response to Mendendall's Second Request for Admissions (Doc. 72), and Defendant All Florida's Motion to Compel Communications Between Counsel for HSIC and its Expert Witness John

Hament (Doc. 73).[1]

On October 14, 2016, the parties appeared before the undersigned for oral argument on these matters. As stated on the record at the hearing, the Court rules on the Parties' motions as follows:

### Defendants' All Florida's, Fulford's, and Mendenhall's Motion to Compel Continued Deposition of HSIC's Corporate Representative and for Extension of Discovery Deadline Solely to Take that Continued Deposition (Doc. 65)

As provided in greater detail at the hearing, the Motion to Compel (Doc. 65) is **GRANTED**. The continued deposition of HSIC's corporate representative is compelled to permit: (1) All Florida's questions related to documents obtained by defense counsel after the July 8, 2016 deposition of HSIC's corporate representative; and (2) all defendants' questions related to any new allegations raised in the Amended Complaint (Doc. 60). The parties represented at the hearing that they will come to a mutual agreement on the location of the deposition without the assistance of the Court. Extensions of current case management deadlines will be addressed in a separate Report and Recommendation.

### Plaintiff HSIC's Motion to Compel Testimony From All Florida Corporate Representative (Doc. 66)

As provided in greater detail at the hearing, the Motion to Compel (Doc. 66) is **TAKEN UNDER ADVISEMENT.** No later than **Friday, October 21, 2016,** Plaintiff shall file a supplement to the Motion to Compel (Doc. 66) addressing the specific topics that All Florida's corporate representative was unable to appropriately address during the deposition on September

---

[1] At the October 14th hearing, Defendant Mendenhall orally moved the Court to require HSIC to provide copies of a non-party's documents produced pursuant to a subpoena. That oral motion will be addressed herein.

8, 2016, with corresponding transcript citations demonstrating the purported failures. Defendant All Florida may file a response to Plaintiff's Supplement no later than **Friday, October 28, 2016.**

### Plaintiff HSIC's Motion to Compel Production of Emails (Doc. 68)

As provided in greater detail at the hearing, the Motion to Compel (Doc. 68) is **TAKEN UNDER ADVISEMENT.** The Court will conduct an *in camera* review of the subject emails, redacted and unredacted copies of which were provided by Defendant All Florida to the undersigned at the hearing on October 14, 2016. No later than **Friday, October 21, 2016,** Defendant All Florida shall email a copy of the corresponding privilege log entries (i.e., the same table included at pages 4-5 of its response (Doc. 80)), formatted as a word document, to Chambers_FLMD_Sansone@flmd.uscourts.gov.

### Defendant Mendenhall's Motion for Plaintiff to Comply with Rule 36 in Response to Mendenhall's Second Request for Admissions (Doc. 72)

As provided in greater detail at the hearing, the Motion to Compel (Doc. 72) is **GRANTED.** Plaintiff's narrative responses to Defendant Mendenhall's Second Request for Admissions Nos. 1-2 do not conform to what is permitted under Federal Rule of Civil Procedure 36. (Doc. 72-1). Plaintiff shall provide Defendant Mendenhall with amended responses no later than **Friday, October 21, 2016.**

### Defendant All Florida's Motion for Plaintiff to Compel Communications Between Counsel for HSIC and its Expert Witness John Hament (Doc. 73)

As provided in greater detail at the hearing, the Motion to Compel (Doc. 73) is **TAKEN UNDER ADVISEMENT.** No later than **October 21, 2016** (postmark date), Plaintiff shall provide the Court with the subject correspondence for an *in camera* review. After mailing the subject documents, non-duplicative if possible, to the undersigned at U.S. District Court, Middle

District of Florida, 801 N. Florida Ave, Chambers 10B, Tampa FL, 33602, Plaintiff shall file a notice of compliance regarding the same. In addition, no later than **October 21, 2016**, Plaintiff shall email a copy of the corresponding privilege log entries, formatted as a word document, to Chambers_FLMD_Sansone@flmd.uscourts.gov.

### Defendant Mendenhall's Oral Motion for Copies

At the hearing before the undersigned on October 14, 2016, Defendant Mendenhall raised an oral motion requesting that Plaintiff provide counsel with copies of documents received by Plaintiff in response to a specific non-party subpoena issued by Plaintiff. After due consideration, Defendant's oral motion is **GRANTED** and Plaintiff shall provide counsel for Mendenhall with the requested copies **no later than October 21, 2016.**

**DONE AND ORDERED** in Tampa, Florida on this 14th day of October, 2016.

*Amanda Arnold Sansone*
AMANDA ARNOLD SANSONE
United States Magistrate Judge