UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

HOUSTON SPECIALTY
INSURANCE COMPANY,

    Plaintiff,

v.                                                  Case No.: 8:15-cv-2165-T-17AAS

ENOCH VAUGHN, individually, and as
Parent and Natural Guardian of M.V.,
a minor, ALL FLORIDA
WEATHERPROOFING &
CONSTRUCTION, INC., RICHARD
FULFORD, and ROBERT MENDENHALL,

    Defendants.
_____/

## ORDER

This matter comes before the Court on Plaintiff Houston Specialty Insurance Company ("HSIC")'s Motion to Compel Testimony from Defendant All Florida Weatherproofing & Construction, Inc. ("All Florida")'s Corporate Representative (Doc. 66), Plaintiff HSIC's Motion to Compel Production of Emails (Doc. 68), and Defendant All Florida's Motion to Compel Communications Between Counsel for HSIC and its Expert Witness John Hament (Doc. 73).

**I.    BACKGROUND**

On October 14, 2016, the parties appeared before the undersigned for oral argument on the aforementioned Motions to Compel (Docs. 66, 68, 73).[1] After the hearing, the undersigned took Plaintiff HSIC's Motion to Compel Testimony from Defendant All Florida's Corporate

---

[1] In addition, the Court heard oral argument on Defendants' Motion to Compel Continued Deposition of HSIC's Corporate Representative (Doc. 65) and Defendant Robert Mendenhall's Motion for Plaintiff to Comply with Rule 36 in Response to Second Request for Admissions (Doc. 72), both of which were ruled on by separate Order (Doc. 105).

1

Representative (Doc. 66) under advisement, and directed Plaintiff to file a supplement to its Motion, addressing the specific topics that All Florida's corporate representative purportedly was unable to appropriately address during his deposition, with corresponding transcript citations demonstrating the purported failures. (Doc. 105). On October 21, 2016, Plaintiff HSIC filed its supplement (Doc. 113) and on October 28, 2016, Defendant All Florida filed a response thereto (Doc. 117).

In addition, after the hearing, the undersigned took Plaintiff HSIC's Motion to Compel Production of Emails (Doc. 68) and Defendant All Florida's Motion to Compel Communications between Counsel for HSIC and its Expert Witness John Hament (Doc. 73) under advisement to conduct an *in camera* review of the subject correspondence. (Doc. 105). The Court has since conducted an *in camera* review of the documents.

The Court will address each of the aforementioned Motions to Compel (Docs. 66, 68, 73) in turn.

II.   **ANALYSIS**

   A.   **Plaintiff HSIC's Motion to Compel Testimony from Defendant All Florida's Corporate Representative (Doc. 66)**

On August 19, 2016, Plaintiff HSIC served a Notice of Deposition *Duces Tecum* on Defendant All Florida requesting that "All Florida provide one or more corporate representatives able to testify to" twenty-one (21) separate topics. (Docs. 66-1, 66-2). On September 8, 2016, All Florida's designated corporate representative, Greg Williams, Esq., appeared for deposition. Plaintiff raises the following issues with respect to Mr. Williams' deposition testimony: (1) Mr. Williams would not specifically state that he was designated as to all topics; (2) Mr. Williams failed to respond to questions related to communications between Defendant All Florida and

2

Plaintiff HSIC related to All Florida's March 13, 2014 letters; and (3) Mr. Williams failed to respond to questions related to the intervention and non-binding arbitration in this matter. (Doc. 113). The Court will address each issue in turn.

### 1.     Mr. Williams' designation as to all topics.

Plaintiff HSIC takes issue with Mr. Williams' supposed failure to affirm that he was prepared to testify about all of the topics designated in Plaintiff's Notice of Deposition *Duces Tecum*. (Doc. 113, p. 2). After reviewing the relevant deposition testimony, the Court finds that Mr. Williams testified that generally he was prepared testify as to all of the topics in the Notice. Therefore, the Court concludes that Mr. Williams' response was appropriate and sufficient, and the Court will not compel additional testimony from Mr. Williams on this ground.

### 2.     Plaintiff HSIC's questions about communications between All Florida and HSIC related to All Florida's March 13, 2014 letters.

Plaintiff HSIC alleges that Mr. Williams provided improper testimony in response to questions regarding communication between HSIC and All Florida in March 2014. (Doc. 113, pp. 3-4).

When questioned about whether specific documents were provided in response to the March letters, Mr. Williams responded by referencing documents that had already been produced in discovery. (Doc. 117-1, p. 44). Then, in response to continued questioning about whether the documents were passed on to HSIC after they were provided to it defense counsel, Mr. Rubenstein, Mr. Williams directed counsel to Mr. Rubenstein. (Doc. 117-1, p. 46). The Court finds there is nothing inappropriate about Mr. Williams referring counsel to another witness, Mr. Rubenstein, with personal knowledge about what is being asked. *See QBE Ins. Corp. v. Jorda Enterprises,*

3

*Inc.*, 277 F.R.D. 676, 691 (S.D. Fla. 2012). In addition, there is nothing inappropriate about Mr. Williams directing counsel to documents that have been produced through the course of discovery.

Next, Plaintiff HSIC complains that Mr. Williams did not answer its question about whether it was Defendant All Florida's position that providing the documents to Mr. Rubenstein meant it provided them to HSIC. (Doc. 113, pp. 4-5). However, to the extent of the knowledge of the corporation, Mr. Williams answered the question by indicating that anything that was in Mr. Rubenstein's file was accessible (unless specifically privileged) to HSIC. (Doc. 117-1, pp. 46-53).

In addition, Plaintiff HSIC asserts that it is improper that Mr. Williams did not answer questioning regarding whether All Florida asked Mr. Rubenstein to provide Mr. Vaughn's personnel file to HSIC and whether the document identified as Exhibit 4 (an email from Mr. Urtiaga with All Florida to Ms. Rivera) were provided to HSIC. (Doc. 113, pp. 5-6). Upon review of the deposition, the Court finds that Mr. Williams testimony was sufficient in this regard. Indeed, Mr. Williams specifically testified that he did not remember if that specific instruction was given to Mr. Rubenstein, but that if the file existed, it was produced and would have been accessible (unless specifically privileged) to HSIC from Mr. Rubenstein's file. (Doc. 117-1, p. 53). Mr. Williams further testified he could not definitively state that it was, apart from the documents being provided to Mr. Rubenstein and being available to HSIC from his file. (Doc. 117-1, pp. 65-66).

Finally, Plaintiff HSIC claims Mr. Williams failed to answer its question whether Defendant All Florida notified HSIC that Mr. Vaughn was an employee. (Doc. 113, p. 6). Again, Mr. Williams answered the question and indicated there were notifications to HSIC in the discovery. (Doc. 117-1, p. 68).

For these reasons, the Court will not compel additional testimony from Mr. Williams on these grounds.

### 3.     Mr. Williams' purported failure to respond to questions related to the intervention and non-binding arbitration in the tort suit.

Plaintiff HSIC takes issue with the following exchange regarding HSIC's intervention in the tort suit:

```
16     Q  Sure.· Is All Florida aware of anything in the
17  tort case that suggests that the judge was commenting,
18  asked to comment on how closing argument or who closing
19  argument would be made by in the tort case if Houston
20  Specialty were allowed to intervene?
21      A  Presumably All Florida's lawyers that were
22  there would be aware of that. I wasn't there and I
23  haven't read the transcript and I haven't discussed the
24  substance of what the judge said with any of the All
25  Florida lawyers, so I'm not the person that could answer
1   that question.
```

(Doc. 117-1, pp. 114-15).  In addition, Plaintiff HSIC complains that Mr. Williams testified his knowledge about what occurred at the arbitration came from All Florida's lawyers, as Mr. Williams was not present.  (Doc. 113, p. 11).

The Court finds that Mr. Williams' testimony was appropriate.  There is no reasonable basis to require a corporate representative to provide hearsay testimony about what occurred at a proceeding HSIC participated in, when a transcript is available.  Similarly, it was appropriate that Mr. Williams could not testify about the arbitration verdict.  (Doc. 113, pp. 11-12).

Therefore, in light of the foregoing, the Court finds that Mr. Williams adequately answered the deposition questions presented and there is no basis to re-open his deposition.

Consequently, as the Court is not persuaded by any of the grounds in the supplement to the motion (Doc. 113), Plaintiff's Motion to Compel Testimony from All Florida's Corporate Representative (Doc. 66) is **DENIED**.

### B. Plaintiff HSIC's Motion to Compel Production of Emails (Doc. 68)

At issue in this Motion are ten (10) emails that Defendant claims are protected by attorney-client privilege.[2] (Doc. 68, 80). After conducting an *in camera* review of the emails, the undersigned concludes that the information in the emails sought is indeed protected by the attorney-client privilege. Therefore, Plaintiff HSIC's Motion to Compel Production of Emails (Doc. 68) is **DENIED.**

### C. Defendant All Florida's Motion to Compel Communications between Counsel for HSIC and its Expert Witness John Hament (Doc. 73)

At issue in this Motion are thirty-one (31) documents that Plaintiff claims are protected as work product or attorney-client privilege.[3] (Doc. 73, 98). After conducting an *in camera* review of the emails, Defendant All Florida's Motion to Compel Communications between Counsel for

---

[2] Matters of attorney-client privilege are governed by Florida law in this diversity action. *See, e.g.* Fed. R. Evid. 501. Florida's attorney-client privilege was codified in section 90.502, Fla. Stat.

[3] Federal Rule of Civil Procedure 26(b)(4)(c)(i)-(iii), titled Trial-Preparation Protection for Communications Between a Party's Attorney and Expert Witnesses, provides as follows:

> Rules 26(b)(3)(A) and (B) protect communications between the party's attorney and any witness required to provide a report under Rule 26(a)(2)(B), regardless of the form of the communications, except to the extent that the communications:
> (i) relate to compensation for the expert's study or testimony;
> (ii) identify facts or data that the party's attorney provided and that the expert considered in forming the opinions to be expressed; or
> (iii) identify assumptions that the party's attorney provided and that the expert relied on in forming the opinions to be expressed.

6

HSIC and its Expert Witness John Hament (Doc. 73) is **GRANTED in part and DENIED in part** as detailed in the last column of the table below.

| DATE[4] | NO OF PAGES | DOCUMENT DESCRIPTION | AUTHOR | PRIVILEGE ASSERTED | BATES NO. | RULING |
|---|---|---|---|---|---|---|
| 6/13/16 | 1 | Bickerton Email to expert John Hament, Esq. re discussion of Cooperation DJ and retention | Chad W. Bickerton, Esq., *HSIC defense attorney at Goodman McGuffey Lindsey & Johnson ("GMLJ")* | Work Product Expert Privilege | HAMENT-000001  000002-000003  000005-000006  000009  000012-000013 | DENIED; email is privileged pursuant to Federal Rule of Civil Procedure 26(b)(4)(c). |
| 6/13/16 | 2 | Bickerton Email to expert Hament re trial date | Chad W. Bickerton, Esq. | Work Product Expert Privilege | HAMENT-000002  000004-000005  000008-000009  000012-000013 | DENIED; email is privileged pursuant to Federal Rule of Civil Procedure 26(b)(4)(c). |
| 6/14/16 | 1 | Bickerton Email to expert Hament re acceptance as expert witness | Chad W. Bickerton, Esq. | Work Product Expert Privilege | HAMENT-00004  000007-000008  000011-000012 | GRANTED to the extent that HSIC must produce all sentences regarding rates and retainer; otherwise, DENIED as privileged pursuant to Federal Rule of Civil Procedure 26(b)(4)(c). |
| 6/14/16 | 1 | Hament Email to Chad W. Bickerton, Esq. re accept as expert witness | John M. Hament, Esq., *attorney at Williams Parker law firm; HSIC expert witness* | Work Product Expert Privilege | HAMENT-000004  000008  000012 | DENIED; email is privileged pursuant to Federal Rule of Civil Procedure 26(b)(4)(c). |

---

[4] The Court notes that the inclusion of email times in the submitted log would have been beneficial in its review.

| Date | # | Description | Author | Privilege | Bates | Ruling |
|---|---|---|---|---|---|---|
| 6/16/16 | 1 | Bickerton email to Hament re expert report | Chad W. Bickerton, Esq. | Work Product Expert Privilege | HAMENT-000007 000011 | GRANTED. Email must be produced. |
| 6/14/16 | 1 | Hament email to Bickerton re provide rate and retainer information | John M. Hament, Esq. | Work Product Expert Privilege | HAMENT-000007 000011 | GRANTED. Email must be produced. |
| 6/16/16 | 1 | Bickerton email to Hament re conflict check | Chad W. Bickerton, Esq. | Work Product Expert Privilege | HAMENT-000010 | DENIED; email is privileged pursuant to Federal Rule of Civil Procedure 26(b)(4)(c). |
| 6/16/16 | 1 | Hament email to Bickerton re conflict check | John M. Hament, Esq. | Work Product Expert Privilege | HAMENT-000010 | GRANTED to the extent that HSIC must produce all sentences regarding rates and retainer; otherwise, DENIED as privileged pursuant to Federal Rule of Civil Procedure 26(b)(4)(c). |
| 6/16/16 | 1 | Bickerton email to Hament re expert report | Chad W. Bickerton, Esq. | Work Product Expert Privilege | HAMENT-000014 000017 000022-000023 | DENIED; email is privileged pursuant to Federal Rule of Civil Procedure 26(b)(4)(c). |
| 6/16/16 | 1 | Hament email to Bickerton re meeting, expert report | John M. Hament, Esq. | Work Product Expert Privilege | HAMENT-000016 000022 | GRANTED to the extent that HSIC must produce the third sentence in 6/17/16, 10:00 a.m. email and the second sentence in 6/16/16, 9:52 a.m. email; otherwise, DENIED as privileged pursuant to Federal Rule of Civil Procedure 26(b)(4)(c). |
| 6/17/16 | 1 | Hament email to Bickerton re scheduling for documents | John M. Hament, Esq. | Work Product Expert Privilege | HAMENT-000018 | GRANTED. Email must be produced. |
| 6/17/16 | 1 | Bickerton email to Hament re scheduling for documents | Chad W. Bickerton, Esq. | Work Product Expert Privilege | HAMENT-000018 | GRANTED. Email must be produced. |

| | | | | | | |
|---|---|---|---|---|---|---|
| 6/17/16 | 2 | Bickerton email to Hament re re scheduling for documents | Chad W. Bickerton, Esq. | Work Product<br><br>Expert Privilege | HAMENT-000018-000019 | GRANTED to the extent that HSIC must produce the second to last sentence in the email regarding documents; otherwise, DENIED as privileged pursuant to Federal Rule of Civil Procedure 26(b)(4)(c). |
| 6/20/16 | 1 | Bickerton email to Hament re expert report and meeting | Chad W. Bickerton, Esq. | Work Product<br><br>Expert Privilege | HAMENT-000021 | GRANTED to the extent that HSIC must produce the second sentence in the email; otherwise, DENIED as privileged pursuant to Federal Rule of Civil Procedure 26(b)(4)(c). |
| 6/17/16 | 1 | Hament Email to Chad W. Bickerton, Esq. re CV | John M. Hament, Esq. | Work Product<br><br>Expert Privilege | HAMENT-0000021 | GRANTED to the extent that HSIC must produce third sentence in 6/17/16, 10:00 a.m. email; otherwise, DENIED as privileged pursuant to Federal Rule of Civil Procedure 26(b)(4)(c). |
| 6/28/16 | 1 | Bickerton email to Hament re meeting | Chad W. Bickerton Esq | Work Product<br><br>Expert Privilege | HAMENT-000024<br><br>000025-000026<br><br>000028<br><br>000030-000031<br><br>000033<br><br>000035 | DENIED; email is privileged pursuant to Federal Rule of Civil Procedure 26(b)(4)(c). |
| 6/28/16 | 1 | Hament email to Bickertonre meeting | John M. Hament, Esq. | Work Product<br><br>Expert Privilege | HAMENT-000025<br><br>000028<br><br>000030<br><br>000034 | GRANTED to the extent that HSIC must produce the last sentence in the email; otherwise, DENIED as privileged pursuant to Federal Rule of Civil Procedure 26(b)(4)(c). |
| 6/29/16 | 1 | Bickerton email to Hament re expert report and resume | Chad W. Bickerton, Esq. | Work Product<br><br>Expert Privilege | HAMENT-000032 | DENIED; email is privileged pursuant to Federal Rule of Civil Procedure 26(b)(4)(c). |

| Date | # | Description | Author | Privilege | Bates | Ruling |
|---|---|---|---|---|---|---|
| 6/30/16 | 1 | Hament email to Bickerton re expert report | John M. Hament, Esq. | Work Product Expert Privilege | HAMENT-000033 | DENIED; email is privileged pursuant to Federal Rule of Civil Procedure 26(b)(4)(c). |
| 7/1/16 | 1 | Bickerton email to Hament re scheduling expert deposition | Chad W. Bickerton, Esq. | Work Product Expert Privilege | HAMENT-000036 000038 000040 000043 000047 | DENIED; email is privileged pursuant to Federal Rule of Civil Procedure 26(b)(4)(c). |
| 7/1/16 | 2 | Hament email to Bickerton re scheduling expert deposition and preparation | John M. Hament, Esq. | Work Product Expert Privilege | HAMENT-000036 000040-000041 000043 000047 | DENIED; email is privileged pursuant to Federal Rule of Civil Procedure 26(b)(4)(c). |
| 7/1/16 | 2 | Bickerton email to Hament re scheduling expert deposition and preparation | Chad W. Bickerton, Esq. | Work Product Expert Privilege | HAMENT-000036-000037 000039 000041 000043 000047-000048 | DENIED; email is privileged pursuant to Federal Rule of Civil Procedure 26(b)(4)(c). |
| 7/1/16 | 2 | Hament email to Bickerton re dates for expert deposition | John M. Hament, Esq. | Work Product Expert Privilege | HAMENT-000038 000040 000042 000046 | DENIED; email is privileged pursuant to Federal Rule of Civil Procedure 26(b)(4)(c). |
| 7/5/16 | 1 | Bickerton to Hament re dates for expert deposition | Chad W. Bickerton, Esq. | Work Product Expert Privilege | HAMENT-000042 000046 | DENIED; email is privileged pursuant to Federal Rule of Civil Procedure 26(b)(4)(c). |
| 7/6/16 | 1 | Hament email to Bickerton re dates for expert deposition | John M. Hament, Esq. | Work Product Expert Privilege | HAMENT-000045 | DENIED; email is privileged pursuant to Federal Rule of Civil Procedure 26(b)(4)(c). |
| 7/6/16 | 1 | Bickerton email to Hament re dates | Chad W. Bickerton, Esq. | Work Product Expert Privilege | HAMENT-000045 | DENIED; email is privileged pursuant to |

| | | | | | | |
|---|---|---|---|---|---|---|
| | | for expert deposition | | | | Federal Rule of Civil Procedure 26(b)(4)(c). |
| 7/5/16 | 2 | Hament email to Bickerton re dates for expert deposition | John W. Hament, Esq. | Work Product Expert Privilege | HAMENT-000045-000046 | DENIED; email is privileged pursuant to Federal Rule of Civil Procedure 26(b)(4)(c). |
| 7/8/16 | 1 | Bickerton email to Hament re privilege and deposition location | Chad W. Bickerton, Esq. | Work Product Expert Privilege | HAMENT-000049 000050 | DENIED; email is privileged pursuant to Federal Rule of Civil Procedure 26(b)(4)(c). |
| 7/8/16 | 1 | Hament email to Bickerton re dates for expert deposition | John M. Hament, Esq. | Work Product Expert Privilege | HAMENT-000050 | DENIED; email is privileged pursuant to Federal Rule of Civil Procedure 26(b)(4)(c). |
| 7/26/16 | 1 | Bickerton email to Hament re deposition attendance by phone | Chad W. Bickerton, Esq. | Work Product Expert Privilege | HAMENT-000051 000054 | GRANTED to the extent that HSIC must produce the third sentence in the email; otherwise, DENIED as privileged pursuant to Federal Rule of Civil Procedure 26(b)(4)(c). |
| 7/26/16 | 1 | Bickerton email to Hament assistant Diane Robinson re deposition attendance by phone | Chad W. Bickerton, Esq. | Work Product Expert Privilege | HAMENT-000054 | DENIED; email is privileged pursuant to Federal Rule of Civil Procedure 26(b)(4)(c). |

### III.   CONCLUSION

Accordingly, after due consideration, it is **ORDERED:**

(1)   Plaintiff HSIC's Motion to Compel Testimony from Defendant All Florida Weatherproofing & Construction, Inc.'s Corporate Representative (Doc. 66) is **DENIED**;

(2)   Plaintiff HSIC's Motion to Compel Production of Emails (Doc. 68) is **DENIED**;

(3)   Defendant All Florida's Motion to Compel Communications between Counsel for HSIC and its Expert Witness John Hament (Doc. 73) is **GRANTED in part and DENIED in part** as provided in the body of this Order; and

(4) The Clerk is **DIRECTED** to scan the documents submitted for *in camera* review, file them under seal as sealed exhibits to this order, and contact counsel to arrange for pick-up or shredding of the documents, whichever counsel prefers.

**DONE AND ORDERED** in Tampa, Florida on this 18th day of November, 2016.

/s/ Amanda Arnold Sansone
AMANDA ARNOLD SANSONE
United States Magistrate Judge