UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

HOUSTON SPECIALTY INSURANCE
COMPANY,

    Plaintiff,

v.                                      Case No. 8:15-cv-2165-T-60AAS

ENOCH VAUGHN, ALL FLORIDA
WEATHERPROOFING &
CONSTRUCTION, INC., RICHARD
FULFORD, and ROBERT
MENDENHALL,

    Defendants.
_____/

**REPORT AND RECOMMENDATION**

Defendants All Florida Weatherproofing & Construction, Inc., Richard Fulford, and Robert Mendenhall (collectively, the defendants) move for an award of appellate attorney's fees. (Docs. 245, 247, 252). Plaintiff Houston Specialty Insurance Company (HSIC) opposes the motion. (Doc. 246).

**I.    BACKGROUND**

HSIC filed this declaratory judgment action to determine whether insurance coverage existed in connection with tort claims brought by Enoch Vaughn against the defendants in a separate action. (Doc. 1). The court determined coverage existed and entered declaratory judgments in favor of the defendants. (Docs. 205, 206, 207, 208). HSIC appealed the declaratory judgments to the Eleventh Circuit. (Doc. 216). While the appeal was pending, the court awarded the defendants' attorney's fees as the

1

prevailing party in this action. (Docs. 229, 231). HSIC appealed the award of attorney's fees. (Doc. 233).

The Eleventh Circuit affirmed the declaratory judgments entered in favor of the defendants and the award of attorney's fees. (Docs. 242, 243, 248, 249). Based on their status as the prevailing parties on appeal, the defendants moved the Eleventh Circuit for appellate attorney's fees and to transfer the motion to this court. (Doc. 245). HSIC responded in opposition to the defendants' motion. (Doc. 246).

The Eleventh Circuit ruled the defendants were entitled to appellate attorney's fees and transferred to this court consideration of the reasonable amount of appellate attorney's fees. (Doc. 244). The matter was referred to the undersigned for issuance of a report and recommendation on the disposition of the motion. (Doc. 251).

## II. ANALYSIS

"In the Eleventh Circuit, the district court employs the federal lodestar approach to set reasonable fee awards." *Loranger v. Stierheim*, 10 F.3d 776, 781 (11th Cir. 1994) (per curiam). "Under the federal lodestar approach, the Court multiplies the number of hours reasonably expended on the litigation by a reasonable hourly rate." *Lumpuy v. Scottsdale Ins. Co.*, No. 8:11-CV-2455-T-24MAP, 2015 WL 1708875, at *1 (M.D. Fla. Apr. 15, 2015) (citing *Norman v. Hous. Auth. of City of Montgomery*, 836 F.2d 1292, 1299 (11th Cir. 1988)).

"[T]he computation of a fee award is necessarily an exercise of judgment, because there is no precise rule or formula for making these determinations." *Villano*

*v. City of Boynton Beach*, 254 F.3d 1302, 1305 (11th Cir. 2001) (internal quotation omitted). Considering the court "is itself an expert on the question [of attorney's fees]," it "may consider its own knowledge and experience concerning reasonable and proper fees and may form an independent judgment either with or without the aid of witnesses as to value." *Norman*, 836 F.2d at 1303 (quoting *Campbell v. Green*, 112 F.2d 143, 144 (5th Cir. 1940)).

The defendants seeks the following appellate attorney's fees: an award for the work of Daniel Martinez, Esq. at $550 per hour for 41.1 hours; an award for the work of Weslee L. Ferron, Esq. at $450 per hour for 140.4 hours; and an award for the work of Scott K. Hewitt, Esq. at $300 per hour for 37.5 hours. (Doc. 245, p. 7). In sum, the defendants request an award of appellate attorney's fees in the amount of $97,035.00. (*Id.*).

HSIC raises two objections in response. (Doc. 246). First, HSIC objects to the requested hourly rates. (*Id.* at pp. 5-6). Second, HSIC objects to 4.5 hours of Mr. Martinez's time. (*Id.* at p. 7). The court will address each objection.

### A.     Reasonable Hourly Rates

HSIC contends the court should reduce the hourly rate for Mr. Martinez to $400 per hour and the hourly rate for Ms. Ferron to $300-$325 per hour.[1] (*Id.* at pp. 5-6). HSIC contends these reduced hourly rates are supported by its expert, W. Gray Dunlap, Jr. (*See* Doc. 228).

---

[1] HSIC does not object to Mr. Hewitt's hourly rate of $300 per hour.

A reasonable hourly rate is based on "the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." *Norman*, 836 F.2d at 1299 (citations omitted). An applicant may meet its burden of establishing a reasonably hourly rate by setting forth direct evidence of rates charged under similar circumstances or submitting opinion evidence of reasonable rates. *See id.* In addition, the court may use its own knowledge and experience to independently assess the reasonable value of an attorney's services. *See id.* at 1304.

Mr. Martinez has been a Florida attorney for twenty-five years and is a senior partner in the law firm of Martinez Dunbo, LLC. (Doc. 245, Ex. 4). Mr. Martinez is a board-certified civil trial lawyer and a member of the American Board of Trial Advocates. (*Id.*). In the appellate phase of this action, Mr. Martinez assisted in the legal analysis and strategy for the appellate brief and presented the oral argument on behalf of the defendants. (*Id.*).

Ms. Ferron has been a Florida attorney for over seventeen years and is a partner in the law firm of Martinez Denbo, LLC. (Doc. 245, Ex. 5). Ms. Ferron specializes in complex litigation involving insurance coverage disputes. (*Id.*). In the appellate phase of this action, Ms. Ferron was responsible for the legal analysis and drafting the appellate brief, overseeing the administrative requirements of the appeal, and preparing Mr. Martinez for the oral argument. (*Id.*).

U.S. District Court Judge Elizabeth Kovachevich previously approved the

hourly rates requested when granting the defendants' request for attorney's for trial court work. (Doc. 229). Judge Kovachevich concluded the requested hourly rates were reasonable given counsel's expertise and work performed, and that the requested hourly rates were in line with prevailing market rates. (*Id.*). Judge Kovachevich rejected HSIC's argument and expert testimony that the hourly rates should be reduced. (*Id.*). Judge Kovachevich's decision was affirmed on appeal. (Docs. 248, 249); *see Houston Specialty Ins. Co. v. Vaughn*, 749 Fed. Appx. 800, 801 (11th Cir. 2018)).

In the companion case of *Houston Specialty Ins. Co. v. Vaughn*, No. 8:14-cv-1187-EAK-JSS, Judge Kovachevich adopted a report and recommendation applying the same hourly rates requested here for work performed at both the district and appellate levels. 2019 WL 3451583 (M.D. Fla. July 31, 2019); *see* (Doc. 252, Ex. 1). Other courts in this district have likewise held the hourly rates requested by the defendants' counsel are appropriate for attorneys with similar backgrounds and experience. *See Collier Cty. v. RTG, LLC*, No. 2:17-CV-14-FTM-38CM, 2018 WL 5300200, at *10 (M.D. Fla. Oct. 10, 2018); *Diperna v. GEICO Gen. Ins. Co.*, No. 6:12-cv-687-ORL-36KRS, 2016 WL 7246094, at *7 (M.D. Fla. June 27, 2016); *Lumpuy*, 2015 WL 1708875, at *2 (M.D. Fla. Apr. 15, 2015).

Based on the foregoing and the court's own knowledge and experience, the requested hourly rates are reasonable.

5

### B. Reasonable Hours Expended

HSIC contends the number of hours on Mr. Martinez's summary form has a 4.5-hour discrepancy compared to the number of hours in Mr. Martinez's billing records. (Doc. 246, p. 7). Mr. Martinez's summary form says 36.6 hours, but Mr. Martinez's billing records indicate 41.1 hours. (*See* Doc. 245, Exs. 1, 4).

The defendants state the 4.5-hour discrepancy resulted from a scrivener's error. (Doc. 247, pp. 4-5). The defendants corrected this error and provided an amended summary form. (Doc. 247, Ex. 1). Considering that Mr. Martinez's affidavit and detailed billing records support his claim for 41.1 hours, the court accepts that the 4.5-hour discrepancy resulted from a scrivener's error.

HSIC does not object to the reasonableness of the number of hours expended nor does HSIC object to any specific time entry. *See generally Am. Civil Liberties Union of Ga. v. Barnes*, 168 F.3d 423, 428 (11th Cir. 1999) (requiring specificity and precision for fee objections). Upon the court's review of the time entries, the court concludes the hours expended are reasonable.

### III. CONCLUSION

The undersigned **RECOMMENDS** the defendants' motion for appellate attorney's fees (Doc. 245) be **GRANTED**, and the court award the defendants **$97,035.00** in reasonable appellate attorney's fees.

**ENTERED** in Tampa, Florida on September 20, 2019.

*Amanda Arnold Sansone*
AMANDA ARNOLD SANSONE
United States Magistrate Judge

## NOTICE TO PARTIES

The parties have fourteen days from the date they are served a copy of this report to file written objections to this report's proposed findings and recommendations or to seek an extension of the fourteen-day deadline to file written objections. 28 U.S.C. § 636(b)(1); 11th Cir. R. 3-1. A party's failure to object timely in accordance with 28 U.S.C. § 636(b)(1) waives that party's right to challenge on appeal the district court's order adopting this report's unobjected-to factual findings and legal conclusions. 11th Cir. R. 3-1.

Copies to:

District Judge